UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                      Chapter 11

MARKETXT HOLDINGS CORP., *et al.*,                          Case No. 04-12078

                Debtor.

------------------------------------------------------------x
In re:                                                      Chapter 11

EPOCH INVESTMENTS, L.P.                                     Case No. 05-13470

                Debtor.        (Jointly Administered)

------------------------------------------------------------x


**MEMORANDUM OF OPINION DENYING MOTION TO DISMISS AND
RESERVING JUDGMENT ON THE APPOINTMENT OF A CHAPTER 11
TRUSTEE**

APPEARANCES:

DENNER & PELLEGRINO, LLP
Attorneys for Movants
    By: Alexander Cataldo, Esq.
894 Main Street
Norwell, Massachusetts 02061
    By: Gary G. Pelletier
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114

GOLENBOCK, EISENMAN, ASSOR, BELL & PESKOE, LLP
Attorneys for Respondent
    By: Jonathan L. Flaxer, Esq.
       Laura Sulem, Esq.
437 Madison Avenue
New York, New York 10022

**ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

1

Before the Court is a motion by Empyrean Investment Fund, L.P. ("EIF") for an order (i) dismissing the Chapter 11 case of the debtor, Epoch Investments, L.P. f/k/a Empyrean Investments, L.P. (the "Debtor" or "Epoch"), for lack of subject matter jurisdiction, or in the alternative, (ii) directing the appointment of a Chapter 11 trustee. The motion is one of many that have been filed in continuing litigation between EIF and its principal, Rauf Ashraf, and the Chapter 11 Trustee and Creditors Committee of MarketXT Holdings Corp. ("MarketXT Holdings"). See *Nisselson v. Empyrean Inv. Fund, L.P. (In re MarketXT Holdings Corp.)*, 336 B.R. 39 (Bankr. S.D.N.Y. 2006) (holding Ashraf, EIF and Ashraf's other companies in contempt for violating a court order and breaching a stipulation entered into in open court); *Nisselson v. Empyrean Inv. Fund, L.P. (In re MarketXT Holdings Corp.)*, No. 05-1268 (Bankr. S.D.N.Y. July 21, 2006) (assessing attorneys' fees and expenses).

The background to the present motion is as follows.[1] The Debtor was one of several companies that were substantially or wholly controlled by Omar Amanat ("Amanat"), who is himself a Chapter 7 debtor. See *In re Amanat*, 321 B.R. 30 (Bankr. S.D.N.Y. 2005). The largest company was MarketXT Holdings, which is also in Chapter 11. Epoch was formed as a limited partnership, with Epique Revocable Living Trust f/k/a the Ashraf Revocable Living Trust ("Epique") as its general partner with a 1% ownership interest. A limited partnership controlled by Amanat, Epic Investments Trust f/k/a Empyrean Investments Trust ("Epic"), held the 99% limited partnership interest in

---

[1] The following facts were adduced on the record at various times during the course of proceedings involving EIF and Ashraf and are set forth for background purposes. A court is authorized to make limited factual findings on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) or Bankruptcy Rule 7012(b)(1). See *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).

2

Epoch and was also the sole beneficiary of Epique. Epic's beneficiaries are members of Amanat's family.

On May 12, 2005, Alan Nisselson, the Chapter 11 trustee for the bankruptcy estate of MarketXT Holdings, filed an involuntary Chapter 11 petition against Epoch, pursuant to 11 U.S.C. § 303(b). MarketXT Holdings represented that it had a *bona fide* claim against Epoch that was not contingent as to liability and aggregated at least $2.5 million more than the value of any collateral securing the claim; it was also represented that Epoch had fewer than twelve creditors.[2] No opposition was filed. After holding a hearing on June 10, 2005, the Court entered an order for relief on June 13, 2005 (the "Order for Relief"). The Epoch case was procedurally consolidated with the MarketXT Holdings case on the same day.

Ashraf, the principal of the movant, EIF, served as "special trustee" of the general partner of Epoch, the Debtor, until October of 2003, at which point he was replaced, apparently by Jamal Mahmood. On June 23, 2005, ten days after entry of the Order for Relief, Mahmood, purporting to act as special trustee of the general partner of Epoch, filed a motion seeking, among other things, an order vacating the Order for Relief and dismissing the Epoch bankruptcy case for lack of subject matter jurisdiction. Mahmood challenged the sufficiency of the involuntary petition by asserting that MarketXT Holdings did not have a claim against Epoch that was not contingent as to liability or the subject of a *bona fide* dispute as to liability or amount. See 11 U.S.C. § 303(b). The

---

[2] Omar Amanat, as settlor of the limited partnership with a 99% interest in Epoch and a person familiar with Epoch's affairs, filed an affidavit in support of the involuntary petition dated May 11, 2005 (the "Amanat Affidavit"), in which he averred, among other things, that (i) Epoch had fewer than twelve creditors; (ii) two of Epoch's creditors with undisputed claims were MarketXT Holdings and its wholly owned subsidiary MarketXT, Inc.; and (iii) the undisputed claim of MarketXT Holdings was in the amount of at least $2.5 million.

3

motion to vacate was adjourned several times and at a hearing on December 6, 2005, the Court was informed that after discovery, Mahmood had voluntarily withdrawn the motion.[3]

Earlier, on June 29, 2005, Epoch and MarketXT Holdings had jointly commenced an adversary proceeding against American International Holdings, LLC d/b/a American International Depository and Trust ("AIDT"), among others, seeking the avoidance of an alleged fraudulent or preferential transfer of $3.2 million. *Epoch Investments, L.P. f/k/a/ Empyrean Investments, L.P. v. L Street No. 1 Acquisition*, Adv. Pro. No. 05-02243. On October 31, 2005, AIDT moved to dismiss the adversary proceeding on several grounds, one of them being that the Court lacked subject matter jurisdiction over the Epoch case. AIDT made the same argument set forth in the Mahmood motion to dismiss, namely that the MarketXT companies had disputed and contingent claims and that jurisdiction was lacking. At the hearing on December 6, 2005 at which the Court was informed that Mahmood had withdrawn his motion, the Court, in an oral opinion, rejected AIDT's argument that the Epoch case should be dismissed for lack of subject matter jurisdiction. It entered an order on December 20, 2005 denying AIDT's Rule 12(b)(1) motion and otherwise granted in part and denied in part AIDT's motion under Rule 12(b)(6) and Bankruptcy Rule 7012(b)(6) to dismiss the Epoch complaint. The order was not appealed.

---

[3] In its supplemental response to EIF's motion to dismiss, Epoch asserts that in deposition testimony Mahmood admitted that Ashraf, the principal of EIF, had directed Mahmood to make the motion to dismiss the Epoch case. It is stated that in the spring of 2005, Ashraf contacted Mahmood and directed Mahmood to contact Steve Newman, an attorney paid for by Ashraf, for the appropriate papers to sign. Mahmood assertedly admitted in his testimony that although he signed the affidavit in support of his motion to dismiss, he knew virtually nothing about the allegations made in that affidavit. (Supplemental Response of Epoch to Motion of EIF to Dismiss or Appoint a Trustee at 2.) The Court makes no finding with respect to these allegations in light of its holdings hereafter.

4

By pleading dated January 23, 2006, EIF, as a purported creditor of Epoch, filed yet another motion to dismiss the involuntary case against Epoch, and it too put forward Mahmood's argument. EIF alternately requested the appointment of a Chapter 11 trustee for Epoch, asserting (i) that Osman Amanat (Omar's brother) is the trustee of the general partner of Epoch, not Mahmood; (ii) that Mahmood had averred at one time that Omar Amanat was not authorized to act on behalf of Epoch; and (iii) that Amanat was not qualified to manage Epoch's affairs as a Chapter 11 debtor in possession. For the latter contention, Ashraf relied on allegations that Amanat had mismanaged the affairs of MarketXT Holdings and affiliated companies, allegations that ultimately resulted in the appointment of a Chapter 11 trustee for MarketXT Holdings.

## DISCUSSION

**I. Request for an Order Dismissing the Case**

Section 303(b) of the Bankruptcy Code, as applicable to this case filed before the effective date of the 2005 Amendments, provides:

> An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title --
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such holder, if such claims aggregate at least $12,300 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 554, 545, 547, 548, 549 and 724(a) of this title, by one or more of such holders that hold in the aggregate at least $12,300 of such claims;

5

11 U.S.C. § 303(b). The Second Circuit has construed "the requirement that a petitioning creditor's claim not be subject to a bona fide dispute as both an element of the condition upon which a controverted order for relief may be entered and a necessary prerequisite for the bankruptcy court's jurisdiction." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 118 (2d Cir. 2003). The Court further held that the requirement "is subject matter jurisdictional." *Id*. at 118.

EIF, citing *BDC 56 LLC*, contends that the Epoch bankruptcy case should be dismissed on the ground that MarketXT Holdings' claim is contingent and disputed. EIF asserts that while the Amanat Affidavit referred to above states that MarketXT Holdings holds a liquidated and undisputed claim against Epoch, MarketXT Holdings, the petitioning creditor, characterized those claims as contingent and unliquidated in items 17 and 20 of Schedule B to its own verified schedules. EIF further contends that the contingent nature of MarketXT Holdings' claims deprives the Court of subject matter jurisdiction over the case and that the issue of subject matter jurisdiction can be raised "at any time." (EIF's Mot. to Dismiss or Appoint a Trustee at 9.)

The short answer to EIF's motion, as the Court held in its oral opinion on December 6, 2006 that rejected AIDT's similar motion to dismiss for lack of subject matter jurisdiction, is that the sufficiency of an involuntary petition may only be challenged by the debtor and not by creditors or third parties such as EIF and AIDT. As discussed above, and as *BDC 56 LLC* recognizes, a petition may be controverted by defenses that are based on matters such as the nature and amount of the petitioning creditors' claims. See 2 *Collier on Bankruptcy* ¶ 303.10[4] (15th ed. rev. 2006). Section 303(d) of the Bankruptcy Code provides, however, that only "[t]he debtor, or a general

6

partner in a partnership debtor that did not join in the petition, may file an answer to a petition under this section." See Fed. R. Bankr. P. 1011(a). A "creditor is not authorized to contest an involuntary petition because a creditor may have an incentive to protect a preference or to gain some unfair advantage [at] the expense of other creditors." *In re Westerleigh Dev. Corp.*, 141 B.R. 38, 40 (Bankr. S.D.N.Y. 1992); *In re New Era Co.*, 115 B.R. 41, 45 (Bankr. S.D.N.Y. 1990), *aff'd*, 125 B.R. 725 (S.D.N.Y. 1990) (citing cases). In this case, EIF, like AIDT before it, lacks standing to challenge the sufficiency of the petition.[4]

This result does not vary because the Second Circuit in *BDC 56 LLC* found that the requirement that a petitioning creditor hold an undisputed claim is "jurisdictional" and subject matter jurisdiction may ordinarily be challenged by any party – or by the court *sua sponte* – at any time. The provisions of § 303(b) of the Bankruptcy Code governing a petitioning creditor's claim and the limitation on standing to contest an involuntary petition in § 303(d) are subsections of the very same statute. Calling one requirement "jurisdictional" is no justification for invalidating another part of the same statute. The predecessor to §303(d) was added to the Bankruptcy Act in the 1938 amendments, and the Second Circuit affirmed its application as written as early as 1940. See *In re Carden*, 118 F.2d 677, 679 (2d Cir. 1941). In *Canute S.S. Co. v. Pittsburgh & West Virginia Coal Co.,* 263 U.S. 244 (1923), it was argued that the requirements of § 59b of the Bankruptcy Act that an involuntary petition be filed by three creditors with

---

[4] There are, of course, grounds on which parties in interest may seek dismissal of any Chapter 11 case after an order for relief has been entered, including motions to dismiss or abstain pursuant to 11 U.S.C. §§ 1112 and 305(a). See *In re JR. Food Mart of Arkansas, Inc.*, 234 B.R. 420, 421-22 (E.D. Ark. 1999). Section 1112 of the Bankruptcy Code provides for dismissal of a Chapter 11 case "for cause." Section 305(a) of the Bankruptcy Code provides that the Court may dismiss a case or suspend it in the best interests of the debtor and creditors. EIF did not bring its motion pursuant to either of these two sections, however, and it has not attempted to satisfy the requirements for dismissal or abstention of either of them.

7

provable claims was "jurisdictional" and could not be cured by the joinder of additional petitioners more than four months after the commission of an act of bankruptcy. The Supreme Court held that focus on the requirements of § 59b alone "fails to give due weight to the plain provisions of Section 59f supplementing and modifying the provisions of Section 59b." 263 U.S. at 248. (Section 59f provided for the joinder of additional petitioners "at any time.") The Court added, "the filing of a petition, sufficient upon its face … clearly gives the bankruptcy court jurisdiction of the proceeding." *Id.* (citation omitted). On the same reasoning, giving "due weight" to § 303(d) of the Bankruptcy Code as well as § 303(b), since Epoch is not contesting the involuntary petition and since there is no question that the petition here is sufficient on its face, the Court has subject matter jurisdiction to hear the Epoch bankruptcy case.

The provisions of § 303(d) of the Code relating to standing to contest an involuntary petition are implemented by Bankruptcy Rule 1011.[5] The 1983 Advisory Committee Note to Rule 1011 suggests that:

> [A]n objection that a debtor is neither entitled to the benefits of the Code nor amenable to an involuntary petition goes to jurisdiction of the subject matter and may be made at any time consistent with Rule 12(h)(3), F.R.Civ. P. Nothing in this rule recognizes standing in a creditor or any other person not authorized to contest a petition to raise an objection that a person eligible to file a voluntary petition cannot be the subject of an order for relief on an involuntary petition.

The Note cites Seligson & King, *Jurisdiction and Venue in Bankruptcy*, Referee's Journal, 36 Ref. J. 36, 38-40 (1962). There the authors contend that "the bankruptcy

---

[5] Bankruptcy Rule 1011(a), as applicable to this case, provides:

> The debtor named in an involuntary petition or a party in interest to a petition commencing a case ancillary to a foreign proceeding may contest the petition. In the case of a petition against a partnership under Rule 1004, a nonpetitioning general partner, or a person who is alleged to be a general partner but denies the allegation, may contest the petition.

8

courts are limited only with respect to the 'persons' who may become neither voluntary nor involuntary bankrupts. This is the only area where the court's jurisdiction over the subject matter is relevant." 36 Ref. J. at 40. Whether or not this statement is consistent with the much later decision in *BDC 56 LLC*, no court has suggested that § 303(d) is invalid because it precludes creditors from raising an issue regarding the petitioning creditors' claims.

EIF's argument that "subject matter" jurisdiction under § 303(b) can be raised "at any time" would nullify another part of § 303 as well as § 303(d). Section 303(h) of the Bankruptcy Code further provides, "If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed." This direction, stated in mandatory terms, has also been treated as jurisdictional in bankruptcy cases. See 2 *Collier on Bankruptcy* ¶ 303.02[6] (15th ed. rev. 2006) (subject matter jurisdiction arises "in other contexts under section 303, most notably subsections (b) and (h)"). Indeed, courts have recognized the requirement of § 303(h) that an order for relief be entered if the petition is not timely controverted as "an independent basis for relief." *Id*. at ¶ 303.14; see *Dahl v. Key (In re Key)*, 209 B.R. 737, 739 (10th Cir. B.A.P. 1997). Section 303(h) carries out the policy of the Circuit Court's decision in *BDC 56 LLC,* namely, "[w]hether an alleged debtor is properly before the bankruptcy court in an involuntary case is a threshold determination that should be made at the earliest possible stage of the proceedings." 330 F.3d at 118.

Nothing in *BDC 56 LLC* suggests that the jurisdictional aspect of § 303(b) would trump the command of § 303(h) that an order for relief be entered if the petition is not "timely controverted." As the Court in *BDC 56 LLC* observed, if there were no threshold

9

determination, "creditors could, on the basis of relatively untested claims, haul a solvent debtor with whom they have legitimate disputes into bankruptcy court and force it to defend an involuntary proceeding while the bankruptcy court leaves for a later merits determination whether the debtor is even properly before it." *Id.* at 118-119. If EIF's jurisdictional contentions were correct, and the strictures of § 303(h) were not given effect, petitioning creditors dissatisfied with the course of a case could reexamine the *bona fides* of their own claims and seek dismissal even if the proceedings had been pending for years.

The Second Circuit held in *BDC 56 LLC* that in order to protect debtors and their legitimate creditors from harassment on the part of petitioning creditors holding disputed claims, the nature of the claims held by such creditors is "jurisdictional" and must be decided at an early stage in a case where the issue is raised by the debtor. There is no cause to extend *BDC 56 LLC* and allow creditors who seek to gain a special advantage to seize on the word "jurisdiction" and, in direct contravention of § 303(d) and § 303(h) of the Bankruptcy Code, interrupt the administration of an estate with "jurisdictional" motions. See also *Arbaugh v. Y & H Corp., dba the Moonlight Cafe*, __ U.S. __, 126 S.Ct. 1235, 1242 (2006), where the Court emphasized that jurisdiction is a word of "many meanings" and that in recent decisions the Supreme Court has narrowed the effect of the term. EIF's motion to dismiss for lack of jurisdiction is denied.

**II. Request for an Order Appointing a Chapter 11 Trustee**

EIF seeks, in the alternative, an order appointing a Chapter 11 trustee on the ground that Omar Amanat should not play any role in the management of Epoch as debtor in possession. The Debtor objects. A ruling on this issue would be premature.

10

On May 11, 2006, the Chapter 11 trustee and the Creditors Committee for MarketXT Holdings filed a complaint, in adversary proceeding no. 06-01480 docketed in the consolidated docket of both the MarketXT Holdings and Epoch cases, requesting substantive consolidation of the Epoch estate with the MarketXT Holdings estate. A joint stipulation of agreed facts and consent order was filed on June 21, 2006 and brought before the Court by notice of presentment on July 12, 2006. EIF has also objected to this motion for substantive consolidation, and Epoch, in turn, has objected to EIF's claim filed in the case. Resolution of these matters may affect the need to decide this branch of EIF's motion as the substantive consolidation motion, if granted, would result in the appointment of the MarketXT Holdings trustee as trustee of Epoch as well. The Court will therefore defer the issue of appointing a Chapter 11 trustee in this case until a decision on the substantive consolidation motion.

Epoch is directed to settle an appropriate order on three days' notice.

Dated: New York, New York
       August 11, 2006

                                           ___/s/ Allan L. Gropper_____
                                           UNITED STATES BANKRUPTCY JUDGE